Tart, J.
The only basis for issuance of summons against the defendants to Cuyahoga county in the action brought in Lake county is found in Section 11282, General Code, reading in part:
“When the action is rightly brought in any county, according to the provisions of the next preceeding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff’s request * * Glass v. McCullough Transfer Co., 159 Ohio St., 505, 112 N. E. (2d), 823.
This raises the question whether the action was “rightly brought” in Lake county according to the provisions of Sections 11268 to 11278, inclusive, General Code, which constitute the chapter of the Code next preceeding the chapter in which Section 11282, General Code, is located.
Plaintiffs contend that it was because the first cause of action in their petition is one which could be “rightly brought” in Lake county under the provisions of Section 11268, General Code. In the portion of the petition relating to that cause of action, it is alleged that defendants had filed with the recorder of Lake county a false and fraudulent affidavit to obtain a mechanics’ lien against certain real property of plaintiffs located in Lake county; and that such filing had operated as a cloud upon plaintiffs’ title to such real property. The relief prayed for in respect to that portion of the petition is that the lien be cancelled and discharged of record and plaintiffs’ title be quieted against such lien.
In deciding this question, we do not consider it necessary to determine, as plaintiffs contend, (1) that an action in equity, or to quiet title, will lie with respect to a false or fraudulent mechanics’ lien or affidavit, notwithstanding the provisions of Section'8319, General Code, (2) that a mechanics’ lien is an “interest” in land within the meaning of Section 11268, General *163 Code, or an adverse interest in real property within the meaning of Section 11901, General Code, (3) that one who has filed or attempted to perfect a mechanics’ lien upon specific real estate is asserting or claiming an interest therein which is a cloud upon the title of the owner or (4) that an action in equity to remove a cloud upon the title to real property may be brought other than pursuant to the provisions of Section 11901, General Code, providing for an action to quiet title. Without expressing any opinion whatever on any of those four contentions, we will assume for the purpose of this opinion that they are sound.
The question still remains whether plaintiffs’ first Gause of action could be the basis for an action “rightly brought” in Lake county according to the provisions of Sections 11268 to 11278, inclusive, General Code, in the absence of service of summons on a defendant in Lake county. The only one of those sections relied upon by plaintiffs is Section 11268, General Code. We have examined all those sections. If Section 11268, General Code, does not apply, the only ones of those sections which could apply in the instant case are Section 11272, General Code, requiring that the action be brought against the corporate defendant “in the county in which such corporation is situated, or has or had its principal office or place of business, or in which such corporation has an office or agent [i. e., only in Cuyahoga county], or in any county in which a summons may be served upon the president, chairman or president of the board of directors or trustees or other chief officer,” and Section 11277, General Code, requiring that the action be brought against the individual defendant “in the county in which a defendant resides or may be summoned [i. e., only in Cuyahoga county].”
Section 11268, General Code, reads:
“Actions for the following causes must be brought *164 in the county in which the subject of the action is situated, except as provided in the next two succeeding sections:
“1. For the recovery of real property, or of an estate or interest therein;
“2. For the partition of real property;
“3. For the foreclosure of a mortgage, or the enforcement of a lien or other incumbrance or charge on real property. ’ ’
It is the contention of plaintiffs that their first cause of action is one “for the recovery of * * * an * * * interest” in real property within the meaning of paragraph numbered one in that statutory section.
The mere statement of that contention should be sufficient to demonstrate its fallacy. Bearing in mind that plaintiffs are in possession of and have legal title to this real property, plaintiffs’ cause of action is obviously not an action to recover anything. Cf. Gem City Acetylene Generator Co. v. Coblentz, 86 Ohio St., 199, 99 N. E., 302, Ann. Cas. 1913D, 660, where the cause of action was one to get possession and title from others to whom they had been given. Plaintiffs ’ position is that the alleged false and fraudulent affidavit to obtain a mechanics’ lien did not create in defendants any interest in plaintiffs’ real property,and that such filing operated as a cloud upon plaintiffs’ title to that real property. Plaintiffs are certainly not seeking to recover that cloud or anything else that defendants have by reason of that filing. Their effort is to remove that cloud or whatever interest defendants have —not to recover it. This court would have to indulge in judicial legislation to reach the conclusion that plaintiffs’ first cause of action is one “for the recovery of real property, or of an estate or interest therein. ’ ’
The difficulty with plaintiffs’ arguments is that they are necessarily based upon the premise that an action *165 to quiet title to real property or in equity to remove a cloud upon the title to real property can only be brought in the county where the land is located. Plaintiffs are unable to point out any statutory basis for such a premise and we have been unable to find any such basis. If an Ohio court has jurisdiction over the persons of the defendants, there is no apparent reason why it cannot render a judgment in personam against them which will effectively determine their rights as against the plaintiffs to Ohio real estate, even if such real estate is located in a county other than that in which the judgment is rendered. For example, Section 11270, General Code, authorizes the bringing of an “action to compel the specific performance of a contract for the sale of real estate * * * either in the county in which the subject of the action is situated, or where the defendants, or any of them, reside.” This certainly recognizes the soundness of such a conclusion.
In City of Fostoria v. Fox, 60 Ohio St., 340, 54 N. E., 370, paragraphs one and three of the syllabus read:
“1. An action for consequential injuries to land, or, a suit for a mandatory injunction requiring the defendant to abate a nuisance on his own land, causing injury to the land of the plaintiff, is, under our Code, not local, but transitory in character; and, under Section 5031, Revised Statutes [Section 11277, General Code], must be brought in the county where the defendant resides, or may be summoned.”
“3. Under Section 5038, Revised Statutes [Section 11282, General Code], to warrant the issuing of a summons in one county to be served by the sheriff of another, on a defendant therein, the suit must have been properly brought in the county where the summons was issued; that is, must either be local in character, or have been properly commenced against some one of the defendants.”
*166 In the opinion of Minshall, J., at page 349 it is said:
“It was held at an early day in Genin v. Grier, 10 Ohio, 209, that the common law division of personal actions into local and transitory is not known in Ohio. Local actions are such only as are made so by statute; and all other personal actions may be prosecuted in any county where process may he served on the defendant. See also Butler v. Birkey, 13 Ohio St., 514, 518.”
Plaintiffs ask where an action to quiet title to real property or in equity to remove a cloud on the title thereof may be brought if not in the county where the real estate is located. With respect to an Ohio corporation defendant or an individual resident of Ohio defendant, we have already referred to Sections 11272 and 11277, General Code. As to a nonresident individual or a foreign corporation, the answer appears in Section 11276, General Code. It does not appear that the corporate defendant in the instant case is a foreign corporation. It is ápparent therefore that there is no foundation for plaintiffs’ complaint that, to deny him the right to maintain this action in Lake county, will deny him a right secured by that part of Section 16, Article I of the Ohio Constitution, reading:
“All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.”
Plaintiffs cite the cases of Handy v. Ins. Co., 37 Ohio St., 366, and Elliott v. Lawhead, 43 Ohio St., 171, 1 N. E., 577, and apparently suggest that, by filing a motion to quash service, defendants entered their appearance in the Lake county action and cannot question the jurisdiction of that court over their persons. In both those cases, the defendants not only questioned the jurisdiction over their persons but at the same time moved to dismiss the actions for additional reasons. *167 In the instant case, the record discloses that defendants did nothing bnt file a motion “for an order quashing the services of summons * * * for the reason the defendant * * * Buckley is a resident of Cuyahoga county and the defendant * * # company has its principal place of business in Cuyahoga county and maintains no place of business in Lake county; and that the action is not properly brought in Lake county”; and said motion specifically stated that it was made by defendants “without intending to enter their appearance * * * but solely for the purpose of objecting to the jurisdiction of this court over them.”
The specific appearance for such a limited purpose did not confer upon the Lake county court jurisdiction over the persons of the defendants. The distinction between the instant case and the cases cited clearly appears from paragraph five of the syllabus in Elliott v. Lawhead, supra, which reads:
“The appearance of defendant in court for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the action, but where such motion also asks to have the cause dismissed on the ground that the court has no jurisdiction over the subject matter of the action, which motion is not well founded, it is a voluntary appearance, which is equivalent to service of summon a. ’ ’ See also Glass v. McCullough Transfer Co., supra.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart and Lamneck, JJ., concur.
Middleton and Hart, JJ., dissent.